**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE HANKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 4:26-cv-01193-SEP |
| AIRPORT MARRIOTT HOTEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court are self-represented Plaintiff Stephanie Hankins's Application to Proceed in District Court Without Prepayment of Fees and Costs, Employment Discrimination Complaint, and Motion for Appointment of Counsel.  *See* Docs. [1], [2], [3].  Because Plaintiff lacks sufficient funds to pay the filing fee, the Court grants the Application.  For the reasons set forth below, the Court orders Plaintiff to supplement her Complaint with a copy of her Charge of Discrimination from the Equal Employment Opportunity Commission (EEOC).  Plaintiff's Motion for Appointment of Counsel is denied without prejudice at this time.

### THE COMPLAINT

On July 27, 2026, Plaintiff filed suit against Airport Marriott Hotel, her employer, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging gender discrimination, harassment, and physical assault.  Doc. [1] at 5-6.  Although Plaintiff did not check the box for race discrimination in the body of the Complaint, she seems also to allege race discrimination in her "Statement of Claim."  *Id*.

Plaintiff attached a copy of her Right to Sue letter from the EEOC to the Complaint, but she did not attach a copy of her Charge of Discrimination.  Doc. [1-4].  The claims in a complaint must be like or reasonably related to the claims outlined in the administrative charge of discrimination or they are subject to dismissal for failure to exhaust administrative remedies. *See, e.g.*, *Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).  Although "an EEOC complaint need not specifically articulate the precise claim, . . . [t]he EEOC charge must provide information that would give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 899 (8th Cir. 2024) (citation modified).  To show that she has exhausted the claims in her

Complaint, Plaintiff must file a copy of her Charge of Discrimination with the Court within 30 days of the date of this Order. On receiving the Charge, the Court will review the Complaint pursuant to 28 U.S.C. §1915 for frivolousness, maliciousness, or failure to state a claim.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also filed a Motion for Appointment of Counsel. Doc. [3]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith,* 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018). When considering whether to appoint counsel for an indigent litigant, a court considers such factors as the complexity of the case, the pro se litigant's ability to investigate the facts and present her claim, and the existence of conflicting testimony. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Considering such factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has so far demonstrated that she can present her claims to the Court, and neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a copy of her Charge of Discrimination to the Court within 30 days of the date of this Order.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED** without prejudice at this time.

Dated this 5th day of August, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2