**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE HANKINS,<br><br>Plaintiff,<br>v.<br><br>AIRPORT MARRIOTT HOTEL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-01193-SEP |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Stephanie Hankin's Charge of Discrimination from the Equal Employment Opportunity Commission (EEOC), Doc. [5]. For the reasons set forth below, the Court dismisses Plaintiff's Title VII race discrimination claims and issues process on her remaining claims.

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

On July 27, 2026, Plaintiff filed suit against her employer, Airport Marriott Hotel, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, alleging gender discrimination, harassment, and physical assault. Doc. [1] at 5-6. Although Plaintiff did not check the box for race discrimination in the body of her Complaint, she alleges race discrimination in her "Statement of Claim." *Id.*

Plaintiff attached a copy of her Right to Sue letter from the EEOC to her Complaint, but she did not attach a copy of her Charge of Discrimination. *See* Doc. [1-4]. On August 5, 2026, the Court ordered Plaintiff to submit a copy of her Charge of Discrimination within 30 days. Doc. [4]. Plaintiff submitted a copy on August 28, 2026. Doc. [5].

## The Complaint

Plaintiff was employed by the Airport Marriott Hotel as a Room Attendant. Doc. [5] at 2. She alleges that she was subjected to gender discrimination, harassment, and physical assault on three separate occasions during her employment. Doc. [1] at 5.

Plaintiff first describes an altercation in July of 2024 with a male coworker named Jaylon. Doc. [1-3] at 1-2; Doc. [5] at 2. She accuses Jaylon of physically assaulting her when he reached past her to grab a bag of hand towels, while at the same time threatening her with "physical harm and insults." Doc. [1-3] at 1-2. Next, Plaintiff alleges that in February of 2025, an unnamed banquet manager called her an "asshole" when she refused to "take a seat." Doc. [1] at 5. Last, Plaintiff claims that in March of 2025, a banquet manager named Jerry called her an "asshole," subjected her to sexually explicit comments, and suggested they have a sexual relationship in exchange for him assisting her with her linens. Doc. [1] at 5; Doc. [1-3] at 3-4.

In her Complaint, Plaintiff claims that the incidents happened because she is Black, and she would not "have been treated in such a way if I were another race." Doc. [1] at 6. In her Charge of Discrimination filed with the Equal Employment Opportunity Commission, she asserts discrimination based on her sex, Doc. [5] at 2, but does not allege discrimination based on race. She also asserts that she was subjected to quid pro quo sexual harassment, sexual assault, and a sexually hostile work environment. *See id*.

For relief, Plaintiff seeks compensatory and punitive damages. Doc. [1] at 7.

## Discussion

To exhaust administrative remedies, the claims in a complaint must be like or reasonably related to the claims outlined in the administrative charge of discrimination or they are subject to dismissal for failure to exhaust administrative remedies. *See, e.g.*, *Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004). "[T]he sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (quoting *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985)). "Allegations outside the scope of the EEOC charge circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.,* 210 F.3d 827, 836 (8th Cir. 2000); *see also Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004) (a plaintiff's claims must be "like or reasonably related to" the claims outlined in the administrative charge). Although "an EEOC complaint need not specifically articulate the precise claim, . . . [t]he EEOC charge must provide information that would give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *Ringhofer v. Mayo Clinic, Ambulance,* 102 F.4th 894, 899 (8th Cir. 2024) (citation modified).

A "claim of discrimination based on age, color, or sex is not 'like or reasonably related to' a claim of race discrimination." *Laws v. Norfolk S. Corp.,* 2015 WL 5886069, at *3 (E.D. Mo. Oct. 8, 2015) (quoting *Wedow v. City of Kan. City*, 442 F.3d 661, 672 (8th Cir. 2006)). As noted above, it appears Plaintiff is attempting to bring claims for race discrimination in her Complaint. But she failed to bring such claims in her Charge of Discrimination. Because claims for race discrimination are not like or reasonably related to the claims in her Charge, Plaintiff has not exhausted her administrative remedies with respect to any race discrimination claim, and any such claim must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims for discrimination based on her race brought pursuant to Title VII of the Civil Rights Act of 1964 are **DISMISSED** for failure to exhaust her administrative remedies. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that process shall issue on Plaintiff's claims for gender discrimination, harassment, and physical assault. The Clerk shall issue summons on Defendant Airport Marriott Hotel and effectuate service through the U.S. Marshals Service on its registered agent at: Lodging Hospitality Management Corporation, c/o Cathy J. Raftery, 111 Westport Plaza, Ste. 500, St. Louis, Missouri, 63146.

**IT IS FURTHER ORDERED** that an appeal from this Order of Partial Dismissal would not be taken in good faith.

An Order of Partial Dismissal accompanies this Memorandum and Order.

Dated this 19th day of October, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE